Kennedy, J.,
concurring in judgment only.
{¶ 21} I agree that appellant, Zachary Scott, is entitled to a writ of mandamus placing his name on the May 6, 2014 primary ballot as a candidate for the Democratic Party State Central Committee. I write separately to explain why I believe that the board of elections abused its discretion when it invalidated the authentic petition signature of Tara Patel.
{¶ 22} The majority today condemns the board of elections for rejecting Patel’s signature despite the board’s certainty that the signature on the petition belonged to Patel. But the board did not invalidate the signature out of concern that the signature was inauthentic.
{¶ 23} The dispositive issue for the board and the Tenth District Court of Appeals was the mismatch between Patel’s cursive signature on the petition and her printed signature on her voter-registration card. The board invalidated Patel’s signature solely under R.C. 3501.011, a statute the majority opinion never mentions.
{¶ 24} I would hold that the board of elections cannot disqualify Patel’s signature under R.C. 3501.011 because the board and the secretary of state invited this problem.
{¶ 25} The declaration-of-candidacy form approved by the secretary of state, Form No. 2-J (06-10), provides a space for the elector’s “Signature.” Patel did precisely what the form instructed her to do: she provided a signature.
{¶ 26} The form did not ask the elector to provide his or her “legal mark,” or in any way put the elector on notice that a cursive/print mismatch would invalidate the petition signature. Form No. 2-J (06-10) creates a trap for the unwary. It is fundamentally unfair, and an abuse of discretion, to tell voters that a “signature” will be acceptable, and then invalidate some of those signatures because they do not satisfy narrower, undisclosed criteria.
*175 Brunner Quinn, Jennifer L. Brunner, Patrick M. Quinn, and Peter A. Contreras, for appellant.
Mark W. Fowler, Assistant Delaware County Prosecuting Attorney, as special prosecuting attorney, for appellee.
{¶ 27} Boards of elections have a statutory duty to certify the validity of petitions. R.C. 3501.11(K). This court has long held that the county boards must confirm that signatures are genuine. State ex rel. Yiamouyiannis v. Taft, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). The design of Form No. 2-J strongly suggests that the secretary’s interpretation of R.C. 3501.11(K) — to which we accord great deference — is that it obliges the boards to confirm the authenticity of signatures, but does not impose on them the responsibility to enforce R.C. 3501.011 by policing petition signatures for nonconforming legal marks.
{¶ 28} Because I believe that the writ of mandamus should issue, I concur in the court’s judgment.